**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BRIAN M. CASEY,
D.O.C. 139647,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 4:21-cv-00463-WS-MAF**

**FLORIDA DEP'T OF CORR.,
et al.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Presently, the case is before the Court upon Plaintiff's second amended complaint, which has now been reviewed as required by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(g). ECF No. 28. On November 8, 2021, Plaintiff, a prisoner proceeding *pro se*, initiated this case, pursuant to 42 U.S.C. § 1983, with a legally insufficient complaint. ECF No. 1. Plaintiff did not pay the $402 filing fee but filed a motion for leave to proceed *in forma pauperis* (IFP), which remained deferred until the Court could determine whether Plaintiff, a three-striker, meets the imminent danger exception to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). ECF No. 2.

The Court provided Plaintiff several opportunities to amend his

complaint in accordance with the Rules governing this proceeding. See ECF Nos. 4, 6, and 19. For the reasons stated below, the case should be dismissed without prejudice because Plaintiff does not meet the imminent danger exception and because he failed to comply with Court orders.

**I.     Plaintiff's Second Amended Complaint, ECF No. 28.**

The complaint sets forth a litany of events commencing in 2012 when Plaintiff began serving a life sentence. Plaintiff names just two defendants: the Florida Department of Corrections ("FDOC") and Centurion of Florida, LLC ("Centurion") but he fails to connect these defendants to his allegations of deliberate indifference to a serious medical need other than stating "they were aware." ECF No. 28, p. 5.

According to Plaintiff, in 2012, Dr. Wetterer diagnosed him with hepatitis C (HCV) and cirrhosis but they could not use direct acting antiviral (DAA) drugs because it was too costly. Id. Plaintiff had a consultation in 2016 but a FIBRO test was not conducted. Id. On September 11, 2019, J. A. Childers, a Centurion employee informed him during a consultation that he had severe liver damage and prescribed Plaintiff DAA treatment. Id. DAA treatment is a 72-day regimen – one pill per day. Id. Treatment began in December 2020. Id. At that time, Plaintiff's osteoarthritis medication was discontinued so that the DAA treatment would be effective. Id., p. 6.

Two years ago, on or about December 28, 2020, Plaintiff was transferred to Dade Correctional Institution and was housed in a confinement cell. Id., p. 6. Nurses stopped providing Plaintiff the medication but made false notations in the records that he received it. Id. On January 18, 2020, and February 11, 2020, unidentified nurses and officers told Plaintiff he could not have the medication and called him names. Id. However, Plaintiff is no longer at Dade Correctional Institution. In the initial complaint, Plaintiff indicated that he was housed at Columbia Correctional Institution during January 2021. ECF No. 1, pp. 5-6. In February 2021, Plaintiff was housed at Wakulla Correctional Institution. Id., p. 6. When Plaintiff initiated this case in November 2021, he informed the Court that he is housed at Florida State Prison. He does not indicate when he arrived at Florida State Prison.

Plaintiff generally claims that he attempts to access "sick call," but an identified officer discards his forms and grievances. ECF No. 28, p. 14. On September 1, 2021, an officer told a nurse not to pick up Plaintiff's sick call requests. Id., p. 15. Plaintiff claims he attempted to talk to a nurse on September 7, 2021, who told him told him "she didn't have shit for [Plaintiff]" and refused to accept his sick call requests. Id., pp. 14-15. Plaintiff filed a grievance but received no response. Id. Plaintiff alleges that there has been no real monitoring of his condition since 2019 because the sonograms are

not conducted properly, which leads to inaccurate results. Id., p. 6. From the time of the interference with the DAA treatment, Plaintiff suffers from edema, eczema, yellowing of the skin, pain, and vomiting. Id.

Plaintiff generally alleges that the FDOC and Centurion instituted a cost-saving policy to deny Plaintiff treatment for his liver disease; however, he asserts that other prisoners receive the treatment. Id. Plaintiff maintains that if he does not receive the "prescribed treatment" (DAA) he will rapidly deteriorate, develop tumors, and die. Id. FDOC did some "medication shopping" with a different pharmaceutical company; so now, he is denied "Harvoni" that was available to him in 2016. Id. Plaintiff suffers from pain, osteoarthritis, hypertension, and depression from "non-treatment." Id.

Aside from the medical concerns, Plaintiff alleges other abuse. Plaintiff generally alleges maltreatment and mistreatment by correctional officers. Id., p. 15. Nurses fail to report correctional officers; and correctional officers fail to report nurses. Id. FDOC does not ensure that inmates are treated fairly. Id., p. 16. He claims, generally, that he is subjected to eating and drinking bodily fluids from other people. Id., p. 16. On February 8, 2021, Nurse Miller and Officer Caper injected infected HCV blood into Plaintiff. Id. Plaintiff claims that the FDOC is "directly responsible for the actions and inactions of

its employees because of staffing deficiencies" and for failure to properly train their employees. Id., pp. 14-15.

Plaintiff claims Defendants discriminated against him in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) and are deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Id., pp. 17-18. He seeks declaratory relief and injunctive relief in the form of an order to the prison to provide him with DAA treatment, FIBRO testing, treatment by a "heptologist," Dove soap and lotion for eczema, examinations for osteoarthritis, placement in protective management in an alternative prison system, and training for staff. Id., p. 18. Plaintiff seeks $20,000,000 in compensatory damages and $100,000,000 in punitive damages. Id.

Plaintiff has three hurdles to overcome: (1) events happened years or months before he initiated this case – meaning there was no "imminent danger of serious physical injury"; (2) the complaint is legally insufficient because it is an impermissible shotgun pleading; and (3) Plaintiff has not honestly set forth his litigation history.

## II. Plaintiff is a Three-Striker under the Prison Litigation Reform Act.

The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is no stranger to the federal courts having filed numerous Section 1983 or <u>Bivens</u> actions in different federal districts, which count as strikes. Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of certain federal actions previously filed by Plaintiff in the Northern District of Georgia[1], the Northern District of Florida[2], the Middle District of Florida[3], and

---

[1] N.D. Ga. Case No. 1:17-cv-2797-ELR, <u>Casey v. Smith</u> (dismissed pursuant to 28 U.S.C. § 1915(g).

[2] N.D. Fla. Case Nos. 3:13-cv-00092-RV-CJK, <u>Casey v. Crews</u> (dismissed as "malicious") and 3:13-cv-00461-LC-CJK, <u>Case v Crews</u>, et al. (dismissed as "malicious"). Plaintiff's status as a "three-striker" has been recognized by this Court in four additional cases. See <u>Casey v. GEO Corp</u>., Case No. 4:14-cv-151-MW-CAS, Order Accepting Report and Recommendation (N.D. Fla. Apr. 7, 2014); <u>Casey v. Crews</u>, Case No. 5:14-cv-190-WS-GRJ, Order Adopting the Magistrate Judge's Report and Recommendation (N.D. Fla. Sept. 25, 2014); <u>Casey v Bondi, et al</u>, Case No. 4:17-cv-160-MW-CAS, Order Accepting and Adopting Report and Recommendation (N.D. Fla. May 16, 2017); <u>Casey v. USA</u>, Case No. 4:19-cv-229-WS-HTC, Order of Dismissal (N.D. Fla. Aug. 6, 2019). The Middle District of Florida and the District of Columbia have also confirmed Plaintiff's three-striker status.

The undersigned verifies that the cases cited in this report were filed by Mr. Casey using the same prison ID number.

[3] M.D. Fla. Case Nos. 2:11-cv-00580-JES-SPC, <u>Casey v Scott, et al</u>. (dismissed, in part, for abuse of the judicial process) and 2:11-cv-00586-JES-SPC, <u>Casey v. Hall, et al</u>. (dismissed for failure to state a claim and failure to comply with court orders).

the District of Columbia.[4]

Here, Plaintiff sues for past conduct. See Medberry v. Butler, 1285 F.3d 1189, 1193 (11th Cir. 1999) (finding that past conduct cannot serve as a basis for the exception to Section 1915(g)). Plaintiff does not provide any information relating to medical treatment while at the Florida State Prison during November 2021, when he initiated this case. He claims that in September 2021, he was denied access to the grievance procedure and to certain requests for "sick call." It also cannot be said that Plaintiff is denied all treatment or access to monitoring of his HCV. Plaintiff admits to having had sonograms, although, in his opinion, they were incorrectly conducted. He apparently takes issue with the FDOC changing pharmaceutical companies so that he can no longer get the brand name medication, Harvoni, which he received in the past, or the DAA treatment he was prescribed a few years ago. Plaintiff's allegations concerning his skin condition and osteoarthritis as on-going medical issues do not constitute serious physical injuries. See Adamson v. Collins, Case No. 3:08-cv-404-MCR/EMT, 2008 WL 4525144, at *4-5 (N.D. Fla. Oct. 1, 2008) (finding that arthritis, bursitis pain, and psoriasis are not serious physical injuries for purposes of § 1915(g)

---

[4] D.C. Case No. 1:17-cv-01108-UNA, Casey v. Internal Revenue Service (dismissed pursuant to 28 U.S.C. § 1915(g)).

analysis).

Currently, Plaintiff has other open[5] cases in this Court where he raises similar claims against the same defendants and seeks similar relief:

1. Casey v. Centurion and FDOC: opened December 13, 2021, where he alleges deliberate indifference (from July 9, 2021, to the present date) to his "eczema, skin cancer, and chemical dermatitis" causing symptoms. Case No. 4:21-cv-00495, ECF No. 1, p. 4.

2. Casey v. FDOC, Centurion, Roberts, and Lugo: opened December 13, 2021, alleging deliberate indifference to his HCV and an eye condition, receiving food contaminated with bodily fluids and viruses, and ignoring his grievances. Case No. 4:21-cv-00496, ECF No. 1, pp. 5-6.

3. Case v. FDOC, Centurion, and Elm: opened January 7, 2022, alleging deliberate indifference to depressive disorder, the filing of false documents in federal habeas cases, and physical abuse to consent to unnecessary hospitalization. Case No. 4:22-cv-00009, ECF No. 1, p. 4.

Plaintiff's second amended complaint does not present sufficient allegations to show that -- at the time he initiated this case -- he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Plaintiff has more than three prior qualifying dismissals and does not meet the exception, the Court should DISMISS Plaintiff's complaint without

---

[5] Plaintiff did not pay the filing fees and has been ordered to amend the complaints in those cases.

prejudice and deny Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

It is significant that the Court repeatedly informed Plaintiff of the deficiencies in his complaints to no avail. In part, Plaintiff's refusal to cure the deficiencies results not only in his inability to overcome the three-striker exception but ignores the Court's prior orders.

## III. Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

A. <u>Court Orders to Plaintiff to Amend</u>

Since Plaintiff initiated this case, the Court ordered Plaintiff on multiple occasions to properly amend his complaint and advised him that, in order to proceed, he must file a legally sufficient complaint that demonstrates he meets the imminent danger exception. <u>See</u> ECF Nos. 4, 6, 15, 16, 17, 19. In the first order to amend, the Court informed Plaintiff that his complaint amounted to a shotgun pleading because Plaintiff "name[d] the FDOC but provided no set of facts for any acts or omissions attributable to it"; and the allegation that there "was some policy as applicable to him alone, without more, fails to support [a] claim." ECF No. 4, pp. 7-8. The Court explained that not all of his allegations would overcome the imminent danger exception. <u>Id</u>., p. 8. The Court advised Plaintiff of other deficiencies including the likelihood of dismissal because respondeat superior claims would likely fail, prisoners have no right to incarceration at a prison of their choice, and the four-year statute of limitations barred certain claims. <u>See</u> ECF Nos. 4 and 19, generally. In a separate order denying Plaintiff's motion to supplement his complaint, the Court advised Plaintiff that "[a]llegations of denied access to the courts, contaminated food, an inadequate grievance process, limited access to the law library, and threats of future harm are insufficient to satisfy the imminent danger exception." ECF No. 16, p. 2.

Plaintiff eventually filed an amended complaint, ECF No. 14, alleging the FDOC was part of an on-going abuse scheme against him but did not show how the FDOC was connected to incidents involving unnamed prison officials. Again, the Court directed Plaintiff to amend. ECF No. 19. In particular, the Court informed Plaintiff that to the extent he demanded DAA drugs as remedy, his request would likely fail because the Eighth Amendment does not require Florida prison officials to treat all inmates with chronic HCV with "expensive, state-of-the-art" DAA drugs per Hoffer v. Florida Dep't of Corr., 973 F.3d 1263 (11th Cir. 2020). Id. The Court reiterated its instructions regarding shotgun pleadings and advised

> Plaintiff should state the date on which the violation occurred, the identity of the person(s) who committed the violation, and the details of how the violation was committed. Each person responsible for a violation should be listed as a defendant. In short, Plaintiff likely fails to state a claim by alleging employer liability alone without describing the relevant dates, actions or inaction of employees, along with the identities of employees who are responsible, and how those actions are connected to employer defendants.

Id., p. 8. The Court outlined the standard for deliberate indifference to a serious medical need and warned that "if the crux of Plaintiff's claim is that he is not receiving the treatment he prefers rather than a situation that rises to the level" necessary "satisfy the imminent danger exception," the case

would be subject to dismissal. Id., p. 10. Plaintiff's second amended complaint remains a shotgun pleading.

B. <u>Shotgun Pleadings are Impermissible</u>

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." <u>LaCroix v. W. Dist. of Ky</u>., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'— does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing <u>PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V</u>., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

As narrated above -- and notwithstanding the Court's prior directives -- Plaintiff names the FDOC and Centurion but provides no set of facts for any acts or omissions attributable to them. Plaintiff's claims against the

named defendants amount to legal conclusions. Furthermore, Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Plaintiff must allege the facts which support the claim raised against each defendant. Legal conclusions are insufficient.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint which amounts to a shotgun pleading where Plaintiff has failed to amend his complaint in accordance with the Court's order. The Court advised Plaintiff that failure to follow Court orders would result in a recommendation of dismissal. Id. Finally, even if the Court were inclined to grant Plaintiff IFP status to allow the claims to proceed, he has been dishonest in disclosing his litigation history.

## IV. Dishonesty in a Complaint

The form complaint requires prisoner plaintiffs to disclose "each case" previously filed and warns "[f]ailure to disclose all prior cases may result in the dismissal of this case." ECF No. 28, p. 8. When completing this section of the complaint, Plaintiff identified, under penalty of perjury, three habeas cases; a Section 1331 mandamus case; and just one case in this Court, which was dismissed pursuant to Section 1915(g) but did not explain the reasons for dismissal. Id., pp. 9-11. Plaintiff claimed he could not complete the litigation sections of the complaint form because correctional officers destroyed his litigation records. Id., p. 13. Still, it cannot be maintained that Plaintiff made honest representations. None of the cases listed in his litigation history include the "strikes" he received in the Northern District of Georgia, the Middle District of Florida, or the District of Columbia.

The Eleventh Circuit has approved dismissal based on dishonesty in a complaint finding it an "abuse of the judicial process." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) overruled, in part, on other grounds by Jones v. Bock, 549 U.S. 199 (2007). Even if the court were to recommend that Plaintiff be permitted to proceed IFP, his case would be subject to a recommendation of dismissal based on his abuse of the judicial process by not disclosing his prior litigation history.

## V. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the case be **DISMISSED** without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g); for failure to comply with Court orders, pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1; and because Plaintiff failed to honestly disclose his prior litigation history. It is further **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2, and all other pending motions be **DENIED**; and the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on January 28, 2022.

                **s/ Martin A. Fitzpatrick**
                **MARTIN A. FITZPATRICK**
                **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).